PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, respondent’s conditional guilty plea and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar originally filed a three-count complaint charging respondent with various violations of The Florida Bar Integration Rule and the Disciplinary Rules of the Code of Professional Responsibility.
On Count I, the referee found that from January 1983 to January 1984, respondent allowed one John Richard DeToma, a non-lawyer, to engage in the unauthorized practice of law. Respondent allowed advertisements to be placed indicating that DeToma was an attorney and respondent’s law partner. Respondent allowed business cards to be displayed in his law office indicating that DeToma was an attorney, and allowed DeToma to counsel clients about legal matters and to have access to respondent’s trust account. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(6), 2-101(A) and (B), 3-101(A), 3-102, and 3-104(A), (B), (C), (D) and (E).
The facts underlying Count II arose through an audit performed by The Florida Bar on respondent’s trust and escrow accounts for the period of February 1983 through May 1984. The referee found that during this period, respondent used trust funds for purposes other than for the clients on whose behalf the monies were entrusted, failed to perform the required quarterly trust account reconciliations, and *1322 failed to maintain individual ledger cards properly reflecting all individual receipts, disbursements and unexpended balances. The referee further found that respondent failed to issue the required written authorization to his bank permitting the bank to notify the Bar of any dishonored trust account checks due to insufficient or uncollected funds, and failed to preserve the records of all other bank accounts pertaining to funds or property of a client. The referee found that during this time period, respondent had trust account checks returned by his bank for insufficient funds and that there were periods when respondent’s trust account was overdrawn. The referee noted that respondent repaid any shortages and that there was no claim of any trust funds still owed to clients. The referee recommended that on this count respondent be found guilty of violating Article XI, Rule 11.02(4) of the Integration Rule and Disciplinary Rule 9-102.
Count III involved respondent being charged with actual or constructive possession of cocaine, in violation of section 893.-13(l)(e), Florida Statutes. In June 1985, respondent pled guilty to the possession charge; adjudication of guilt was withheld and respondent was placed on two years probation. The referee recommended that respondent be found guilty of violating Article XI, Rule 11.02(3)(a) and (b) and Disciplinary Rule 1-102(A)(6).
The referee noted that all of these violations were due in part to respondent’s medical problems and recommended that respondent be suspended for three years and, that upon reinstatement to the Bar following proof of rehabilitation, respondent should be placed on probation for two years with the following conditions. First, respondent be required to submit quarterly reports from a certified public accountant that respondent’s trust account is in compliance with the Integration Rule and the Disciplinary Rules. Second, respondent refrain from any drug use and, third, that respondent comply with any conditions of probation imposed as a result of the criminal case underlying Count III. The referee also recommended that respondent bear the costs of these proceedings.
We approve the report of the referee and adopt his recommendations. Accordingly, it is the judgment of this Court that respondent be suspended from the practice of law in this state for three years, thus requiring proof of rehabilitation. This suspension shall become effective thirty days from the date of this opinion, thereby allowing respondent time to close out his practice and protect the interests Of his clients. Following reinstatement, respondent shall be placed on probation for a period of two years subject to the conditions discussed above. Judgment for costs in the amount of $2,574.47 is hereby entered against respondent for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.